IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KTM AG,<br><br>  Plaintiff,<br><br>v.<br><br>CHEN95HAIYhcyWU,<br><br>  Defendants. | Case No. 22-cv-1457<br><br>Judge Matthew F. Kennelly |

**PLAINTIFF'S MOTION TO COMPEL FOR FAILURE TO COMPLY
WITH COURT ORDER**

Plaintiff KTM AG ("Plaintiff" or "KTM"), through its undersigned counsel, submits its Motion to Compel for Failure to Comply with Court Order ("Motion to Compel") and in support thereof states as follows:

I.   **INTRODUCTION**

Plaintiff brings the present Motion to Compel to enforce compliance with the Court's March 22, 2022 Order which directed the third-party e-commerce platform provider Alipay to secure the merchant accounts associated with the Defendants listed in Schedule A and to provide Plaintiff with the email addresses associated with those accounts. [Dkt. No. 22]. To date, third-party platform Alipay has failed to provide Plaintiff with the relevant email addresses thus preventing Plaintiff from conducting service of process on those Defendants and informing them of the legal proceedings that have been filed against them.

Plaintiff respectfully requests the Court to direct third-party Alipay to comply with the Court's March 22, 2022 Order. [Dkt. No. 22].

## II. STATEMENT OF FACTS

On March 21, 2022, Plaintiff filed a Complaint against the Defendants listed in Schedule A for Trademark Infringement and Counterfeiting (Count I), False Designation of Origin (Count II) and Violation of Illinois Uniform Deceptive Trade Practices Act (Count III) [Dkt. No. 1]. Plaintiff also filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO") and a supporting Memorandum on March 21, 2022. [Dkt. Nos. 10, 11].

On March 22, 2022, the Court granted Plaintiff's Motion for Entry of a TRO [Dkt. Nos. 21, 22]. On March 23, 2022, Plaintiff emailed copies of the Complaint, TRO, subpoena and evidence of infringement to Alipay which directed them to "[r]estrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court." (Exhibit 1 - TRO, ¶ 9(b)).

On March 31, 2022, Plaintiff filed a Motion to Extend the TRO. [Dkt. No. 24]. The Court granted Plaintiff's Motion to Extend the TRO on April 1, 2022. [Dkt. No. 25]. Having not received a confirmation from Alipay that it had complied with the terms of the TRO, Plaintiff's counsel contacted Alipay on April 5, 2022 to inquire concerning the status of its compliance. (Group Exhibit 2 - email correspondence with Alipay).

A representative of Alipay contacted Plaintiff on April 7, 2022 requesting Plaintiff to resend the evidence of infringement. (Group Exhibit 2). Plaintiff resent the evidence of infringement to Alipay on April 7, 2022. (Group Exhibit 2).

On April 12, 2022, Plaintiff filed a Motion for Entry of a Preliminary Injunction and supporting Memorandum. [Dkt. Nos. 26, 27].

Plaintiff's counsel sent a follow-up email to Alipay regarding its compliance with the terms of the TRO on April 14, 2022. (Group Exhibit 2). On April 15, 2022, Plaintiff was informed that the offices of Alipay were closed from April 3-5 for the Qingming Festival and that the usual processing time would be longer than 14 days. (Group Exhibit 2).

The Court granted Plaintiff's Motion for Entry of a Preliminary Injunction on April 18, 2022. [Dkt. Nos. 30, 31].

On April 19, 2022, Alipay alleged that seven (7) stores did not infringe Plaintiff's trademarks. (Group Exhibit 2). Alipay further stated that it would process Plaintiff's TRO request upon reviewing the evidence of infringement regarding the seven (7) stores it determined were not infringing. (Group Exhibit 2). Plaintiff voluntarily dismissed the seven (7) stores Alipay complained about. [Dkt. No. 43].

On June 21, 2022, Plaintiff filed a Motion to Extend the Time to Serve the Alipay Defendants because Plaintiff had not received the requested email addresses needed to serve those Defendants. [Dkt. No. 39]. Plaintiff's Motion to Extend the Time to Serve the Alipay Defendants was granted on June 22, 2022 and this Court extended the deadline to serve the Defendants to August 19, 2022. [Dkt. No. 40].

Plaintiff filed the present motion because to date, Plaintiff has not received the Court-ordered information needed to proceed with its case.

### III. ARGUMENT

#### a. Non-Party Alipay Lacks Authority to Refuse to Comply with a Court Order

At issue in the present matter is whether Alipay has the authority to refuse to comply with this Court's Order of March 3, 2022, which directed the relevant e-commerce platforms to:

> "Locate all accounts and funds connected to and related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites … and restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court." [Dkt. No. 22, ¶ 9].

Plaintiff filed its Complaint against 184 Defendants located on the Alipay, Amazon, Wish, eBay and PayPal platforms. Amazon, Wish, eBay and PayPal have all complied in a timely manner with this Court's March 22, 2022 Order. [Dkt. Nos. 21, 22]. The Complaint includes 110 Defendants that have Alipay accounts. Plaintiff voluntarily dismissed seven (7) Alipay Defendants concurrently on July 26, 2022 – Defendants No. 125 "LsxRacing Store", No. 131 "Motorcycle Parts123 Store", No. 132 "MT-009 Store", No. 142 "Peya Motorcycle Parts Store", No. 143 "Pro Motor Parts Store", No. 154 "Shop5256025" and No. 169 "Shop911139134". [Dkt. No. 43]. To date, Plaintiff has not been provided with confirmation that the assets of the other 103 Alipay stores have been frozen nor has Plaintiff been provided with the email addresses of those Defendants so Plaintiff can properly provide them with notice of the legal proceedings that have been filed against them.

Alipay, which is not a party to this case, has failed to explain or provide any reason why it has not complied with this Court's March 22, 2022 Order. [Dkt. No. 22]. A list of the remaining Defendants for which Alipay has failed to provide Plaintiff with the relevant email addresses, account information and confirmation that the accounts have been frozen pursuant to this Court's March 22, 2022 Order is attached as Exhibit 3.

By requiring Plaintiff to file a Motion to Compel in order to enforce compliance with the Court's previous Order, Alipay has engaged in conduct sanctionable under Rule 11 and should compensate Plaintiff for bringing the present Motion including any other sanctions this Court deems appropriate.

   b. <u>Alipay Does Not Have Authority to Determine Whether Particular Defendants Infringe</u>

Non-party Alipay is attempting to have it both ways by – (1) evading the Court's jurisdiction and failing to comply with its orders and (2) trying to step into the shoes of the merchants on its platform to defend their rights. In fact, Alipay goes even further by making

4

itself judge and jury by determining that certain merchants on its platform allegedly have not engaged in trademark infringement. (Group Exhibit 2 – June 19, 2022 email). Alipay fails to provide, nor can it provide, any authority for sidestepping this Court's Order and making an independent determination as to whether any of the named defendants in Schedule A have engaged in trademark infringement. Alipay has overstepped the limits of its authority to the detriment of Plaintiff's case and to the detriment of the merchants on its platform which have been deprived of knowledge of the legal proceedings that have been filed against them.

This issue of whether a platform has standing to intervene on the behalf of its merchants has already been determined. In *Kawada Co., Ltd. v. The Partnerships et al.,* 19-cv-6838, Judge Lee reviewed the issue of standing when third-party platform ContextLogic, Inc. ("Wish") moved to intervene and oppose Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. No. 41]. Judge Lee determined that "[i]t is difficult for the Court to see how Wish would have standing to dispute plaintiff's claims or how Wish would be injured in the event that defendants chose not to defend against plaintiff's allegations and rather elect to default on plaintiff's claims here" and that "[t]he Court finds that Wish lacks standing to interject itself into the merits of plaintiff's Lanham Act claims against the defendants." (Lines 4-11, pg. 22 Exhibit 4 - Transcript of 12/18/2019 Hearing [Dkt. No. 70]).

Judge Lee further stated that "[t]he solution is not for marketplace providers or payment processors like Wish or PayPal to come into court to defend the interests of defendants. The solution is that if the defendants disagree with either the scope of the injunction or the merits of the claims, defendants themselves come in and defend against those actions here in court. They leave themselves open to the jurisdiction of this Court by selling their wares into this District. The Court has jurisdiction over them. They should come and defend their interests." (Lines 5-14, pg. 24, Exhibit 4).

5

As in *Kawada Co., Ltd.,* third-party platform Alipay lacks standing to pursue claims on behalf of its merchants. Furthermore, Alipay cannot sidestep this Court and make determinations as to whether its merchants have infringed Plaintiff's trademarks. Those determinations are left for this Court, which has already entered a TRO against them.

## IV. CONCLUSION

In conclusion, Plaintiff respectfully requests this Court to order third-party platform provider Alipay to comply with the TRO entered in this matter and to order Alipay to pay Plaintiff's attorney fees and costs associated with bringing the present Motion.

Respectfully submitted,

Dated: July 26, 2022

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
(312) 580-1994 Facsimile
mhierl@hsplegal.com

Attorneys for Plaintiff
KTM AG

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Reply was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on July 26, 2022.

s/Michael A. Hierl